UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

J.C.L.,

Petitioner,

v.

WARDEN, Adelanto ICE Processing Center, et al.,

Respondents.

Case No. 5:26-cv-04889-PD

**ORDER GRANTING PRELIMINARY INJUNCTION**

On September 1, 2026, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why the Court should not convert the TRO into a preliminary injunction ("OSC"). Dkt. No. 17. Respondents filed a response to the OSC and Petitioner filed a reply. Dkt. Nos. 20, 21. For the reasons set forth below, the Court grants the preliminary injunction.

## I. Background

The Court incorporates by reference, the allegations set forth in the Petition. Dkt. No. 1. On September 1, 2026, the Court granted a TRO, ordering Petitioner's release from immigration custody after finding that he

showed a likelihood of success on his substantive due process claim. Dkt. No. 17. Respondents released Petitioner as ordered on September 2, 2026; Petitioner was placed on an Order of Release on his Own Recognizance with no Alternatives to Detention ("ATD"). Dkt. Nos. 20, 20-1. Petitioner's counsel declares that Petitioner's sister picked him up from the Adelanto Detention Center and took him to a hospital for treatment, where he was admitted. Dkt. No. 21-1, Jones Decl. ¶ 2. Petitioner's counsel also rescheduled Petitioner's next Immigration and Customs Enforcement ("ICE") check in from September 4, 2026, to September 18, 2026. *Id.* ¶¶ 3–4.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III. Discussion

Respondents argue the Petition should be dismissed because Petitioner was released and there is no further relief the Court can grant. Dkt. No. 20. Petitioner asserts the Petition is not moot because the relief granted in the TRO was inherently temporary, and the Petition seeks further relief beyond release: an order enjoining Respondents from re-detaining him. Dkt. No. 21 at 5 (citing Petition, Prayer ¶ 6). Specifically, the Petition seeks an order "[e]njoin[ing] ICE from re-arresting and re-detaining Petitioner unless and until a hearing can be held before a neutral arbiter (this Court) where the government bears the burden of justifying Petitioner's re-detention by clear and convincing evidence." Petition at 21–22.[1]

In *Nielsen v. Preap*, a plurality of the Supreme Court concluded that the plaintiffs' release on bond pursuant to a preliminary injunction did not moot their detention claims. 586 U.S. 392, 403 (2019). It reasoned that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention." *Id.*

Though Respondents assert that the Petition is moot because Petitioner was ordered released, the TRO is inherently temporary and is not a final order on the Petition. *See Nielsen*, 586 U.S. at 403; *see also Im v. Semaia*, No. 5:25-cv-2733-JAK-E, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026) (observing that the preliminary injunction was "ordered as a preliminary remedy designed to preserve the status quo pending a final adjudication of the Petition" and "would be without legal effect if this case were closed with no further action or judgment"). The TRO was premised on the conclusion that Petitioner had shown he was "likely to succeed on the merits" of his claim.

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

Dkt. 17 at 9. But "to treat the TRO as mooting the case would [] imply the Court's preliminary findings on *likelihood* of success substitute for final disposition on the merits." *M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2026 WL 127740 at *4 (C.D. Cal. Jan. 6, 2026) (emphasis in original).

In any event, Petitioner asserts there is a pending issue to be adjudicated: whether Respondents should be enjoined from re-arresting and re-detaining Petitioner, as set forth in the Petition's Prayer for Relief. Dkt. No. 1 at 21–22.

Therefore, the Court finds the Petition is not moot.

## III. Order

The Court GRANTS the Preliminary Injunction and ORDERS the following:

Petitioner J.C.L. shall remain released from immigration custody on the terms set forth above, and shall not be required to wear an ankle monitor. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

DATED: September 14, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge