JS-6

Laura Jones (CA 334444)
Laura@oakimmigration.com
Law Office of Helen Lawrence
P.O. Box 70610
Oakland, CA 94612
510-343-9390

*Pro Bono* Attorney for Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C.L.<br><br>Petitioner,<br><br>v.<br><br>Warden, Adelanto ICE Processing Center; David J. Venturella, Director, Immigration and Customs Enforcement; Ernesto Santacruz Jr., Los Angeles of Field Office Acting Director, Immigration and Customs Enforcement; Markwayne Mullin, Secretary of U.S. Department of Homeland Security; and Todd Blanche Attorney General of the United States, in their official capacities,<br><br>Respondents. | Case No. 5:26-cv-04889-PD<br><br>JUDGMENT GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Having considered the parties' Stipulation for Entry of Judgment Granting Petition for Writ of Habeas Corpus (Dkt. No. 24), and for the reasons stated in the Court's Order Granting Petitioner's Application for Temporary Restraining Order (Dkt. No. 17) and Preliminary Injunction (Dkt. No. 22), the Court **ORDERS**:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

2. Petitioner shall remain released without an ankle monitor.

3. Respondents shall not impose any additional restriction on Petitioner unless they are determined to be necessary at a future pre-deprivation and/or custody hearing, and any terms and conditions of release must take into account Petitioner's medical and neurocognitive issues.

4. Respondents, their officers, agents, employees, and attorneys, and all persons in active concert or participation with them, are **ENJOINED** from re-detaining Petitioner without providing at least seven (7) days' notice and a pre-deprivation bond hearing. The pre-deprivation bond hearing shall occur before a neutral arbiter at which the Government bears the burden of proof to show by clear and convincing evidence that 1) there are material changed circumstances that show Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future

appearance and/or the safety of the community; 2) there are material changed circumstances in the detention center such that Petitioner would receive adequate medical treatment there, so that detention would not be excessive in relation to the government's purpose. The neutral arbiter must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard.

5. This Judgment is without prejudice to Respondents' right to assert on appeal their existing documented arguments opposing the granting of habeas relief on the terms provided in Dkt. 22.

6. This resolves all claims and is a final order under Fed. R. Civ. P. 54.

**IT IS SO ORDERED**.

DATED: September 28, 2026

Patricia Donahue

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE